# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1795V

|  |  |
|---|---|
| DANIEL WEIHERT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## <u>DECISION ON JOINT STIPULATION</u>[1]

On November 1, 2024, Daniel Weihert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 10, 2022. Petition at 1; Stipulation, filed at March 17, 2026, ¶¶ 1-4. Petitioner further alleges that he suffered the residual effects of his injury for more than six months. Petition at 8; Stipulation at ¶4. "Respondent denies that petitioner sustained a SIRVA, as defined in the Table; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on March 17, 2026, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

a.  **A lump sum payment of $50,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Daniel Weihert; and**

b.  **A lump sum payment of $8,334.60, representing compensation for satisfaction of the Carelon Insights, LLC Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Carelon Insights, LLC**
> **P.O. Box 659940**
> **San Antonio, TX 78265-9939**
> **Tax ID: 82-3300543**

Stipulation at ¶ 8. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| DANIEL WEIHERT,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 24-1795V<br>Chief Special Master Corcoran<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Daniel Weihert, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the influenza vaccination in his right arm on October 10, 2022.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving the influenza vaccine within the Table time frame, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that petitioner sustained a SIRVA, as defined in the Table; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following compensation payments:

> a. A lump sum payment of **$50,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Daniel Weihert; and
>
> b. A lump sum payment of **$8,334.60**,[1] representing compensation for satisfaction of the Carelon Insights, LLC Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Carelon Insights, LLC
> P.O. Box 659940
> San Antonio, TX 78265-9939
> Tax ID: 82-3300542

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action Carelon Insights, LLC may have against any individual as a result of any Medicaid payments Carelon Insights, LLC has made to or on behalf of Daniel Weihert as a result of his alleged vaccine-related injury suffered on or about October 10, 2022, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42

3

U.S.C. § 300aa 10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccine administered on or about October 10, 2022, as alleged by petitioner in a petition for vaccine compensation filed on November 1, 2024, in the United States Court of Federal Claims as petition No. 24-1795V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner to suffer a shoulder injury or his current disabilities, or any other injury or condition, or that petitioner sustained an injury contained in the Vaccine Injury Table.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,



PETITIONER:

_____
DANIEL WEIHERT

ATTORNEY OF RECORD FOR
PETITIONER:

Ronald Homer   by   Nathan Em
_____
RONALD C. HOMER       Rule 83.1(c)(2)
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
(215) 885-1655
rhomer@ccandh.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

**Jeffrey S.**          Digitally signed by
                        Jeffrey S. Beach -S
**Beach -S**            Date: 2026.03.04
                        08:33:59 -05'00'      for
_____
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
CRYSTAL R. FIALKOWSKI
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-0786
crystal.fialkowski@usdoj.gov

Dated: March 17, 2026

6